UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                   Chapter 11

1234 PACIFIC MANAGEMENT LLC,              Case No. 1-19-40026 (NHL)

                                    Debtor.
-----------------------------------------------------------x

## DECLARATION IN SUPPORT OF MOTION TO SCHEDULE HEARING ON OBJECTION TO DEFAULT INTEREST ON SHORTENED NOTICE

J. Ted Donovan declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1.  I am an associate with the law firm of Goldberg Weprin Finkel Goldstein LLP, counsel for 1234 Pacific Management LLC (the "Debtor"), and as such I am fully familiar with the facts set forth herein.

2.  This Declaration is filed pursuant to Local Rule 9077-1(c) in support of the Debtor's motion seeking an expedited hearing on shortened notice to consider the Debtor's motion objecting to default interest claimed by 1234 Pacific Street Lender LLC (the "Note Buyer").

3.  A hearing is currently scheduled on September 26, 2019 to consider the Note Buyer's motion to approve its disclosure statement, filed in support of its creditor's plan.

4.  The Note Buyer is proposing to sell the Debtor's real property, consisting of a residential apartment building located in the Crown Heights section of Brooklyn at 1232-1234 Pacific Street (Block 1206, Lot 28), containing 36 one and two bedroom apartments (the "Building") at auction, to satisfy its secured claim.

1

5. However, the claim includes principal of approximately $3.2 and default interest in excess of $4 million calculated at 24%. The Debtor contends that the interest claim should be disallowed on the grounds that there was never a default, and in any event, the 24% default rate constitutes an unenforceable penalty. To that end, on September 9, 2019 the Debtor filed a motion to disallow the default interest (ECF #49) (the "Motion"). The Motion was served on counsel for the Note Buyer by ECF electronic notice, without a notice of hearing.

6. The Debtor respectfully submits that the amount of the Note Buyer's claim is a substantial issue which must be resolved before the Note Buyer's proposed disclosure statement can be approved. Accordingly, the Debtor requests that its Motion be considered, at least initially, at the September 26, 2019 hearing.

7. Bankruptcy Rule 3007 provides for a 30 day time period for hearings to consider the objections to claim. However, Rule 9006(c) permits the deadline to be reduced for "cause shown".

8. The Debtor submits that cause exists for proceeding on shortened notice, given the previously scheduled hearing, and the need to develop a coordinated process going forward for the expeditious resolution of all of the issues pending before the Court.

WHEREFORE, the Debtor respectfully requests entry of the prefixed Order, together with such other and further relief as this Court deems just and proper.

Dated: New York, NY
      September 13, 2019

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtor*
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

By:   /s/ J. Ted Donovan