UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                    Chapter 11

1234 Pacific Management LLC,                            Case No.  1:19-40026-nhl

                                Debtor.          Hon. Nancy Hershey Lord
---------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 105 AND LOCAL RULE 9019-1 REFERRING 1234 PACIFIC STREET LENDER LLC, GLORIA MALCOLM, ORLAINE EDWARDS, AND THE DEBTOR TO MEDIATION

**KRISS & FEUERSTEIN LLP**

Jerald C. Feuerstein, Esq.
Stuart L. Kossar, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900

*Attorneys for 1234 Pacific Street Lender LLC*

1

## BACKGROUND

The relevant facts and particulars are set forth in the Application in Support (the ("Application") of Secured Creditor[1] submitted herewith and as otherwise set forth herein.

## ARGUMENT

### This Court Should Direct the Creditor Parties and Debtor to Mediation

Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(d) of the Bankruptcy Code further provides that "[t]he court, on its own motion or on the request of a party in interest (1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d). Local Bankruptcy Rule 9019-1 also provides that the Court may direct any dispute arising in any case or proceeding to mediate *sua sponte* or upon the request of one or more parties in interest. Local Bankruptcy Rule 9019-1.

As such, bankruptcy courts have the authority to order parties before it to nonconsensual, non-binding mediation. *See*, *In re A.T. Reynolds & Sons, Inc.*, 424 B.R. 76, 86 (Bankr. S.D.N.Y. 2010), *rev'd on other grounds*, *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374 (S.D.N.Y. 2011) ("While it goes without saying that a court may not order parties to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Application in Support (as defined herein).

analysis"); *See Also*, *In re Atlantic Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002) ("There are four potential sources of judicial authority for ordering mandatory non-binding mediation of pending cases, namely, (a) the court's local rules, (b) an applicable statute, (c) the Federal Rules of Civil Procedure, and (d) the court's inherent powers"); *see Also Lockhart v. Patel,* 115 F.R.D. 44, 45 (E.D. Ky. 1987) (imposing sanctions on an insurance company that failed to attend a nonconsensual, non-binding mediation ordered by the district court).

Here, Debtor's Objection has triggered a substantial dispute on the amount owed by Debtor to Secured Creditor. Moreover, any potential resolution on the Secured Creditor's Claim will necessarily require the consent of Edwards and Malcolm in order to propose a plan of reorganization or other form of global settlement.  As such, court-ordered mediation is necessary and appropriate at this stage to ensure that all constituencies are properly represented in plan negotiations and to resolve the Disputed Claims. Such mediation has the potential to save the estate and all parties-in-interest substantial resources from costly litigation and presents the most efficient and cost-effective mechanism for resolution of the Debtor's chapter 11 case.

## **CONCLUSION**

For the foregoing reasons, the Secured Creditor respectfully requests that this Court enter an Order referring the Disputed Claims of Secured Creditor, Gloria Malcolm, Orlaine Edwards, and Debtor to Mediation and granting such other related relief as this Court deems just and proper.

Dated: New York, New York
       October 4, 2019

                                  KRISS & FEUERSTEIN LLP

                                  By:   *s/ Jerold C. Feuerstein*
                                            Jerold C. Feuerstein, Esq.
                                            Stuart L. Kossar, Esq.
                                            360 Lexington Avenue, 12th Floor
                                            New York, New York 10017
                                            (212) 661-2900

                                            *Attorneys for 1234 Pacific Street Lender LLC*