UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                     Chapter 11

1234 PACIFIC MANAGEMENT LLC,                             Case No. 1-19-40026 (NHL)

                                        Debtor.
-----------------------------------------------------------------x

## DEBTOR'S CONSENT TO SECURED CREDITOR'S MOTION TO MEDIATE AND OPPOSITION TO MOTION TO APPROVE THE SECURED CREDITOR'S DISCLOSURE STATEMENT

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

  1234 Pacific Management LLC (the "Debtor") as and for its Consent to the motion (ECF #24) of 1234 Pacific Street Lender LLC (the "Note Buyer") seeking to compel mediation of the dispute between the Debtor and the Note Buyer over the disallowance of default interest in the pre-petition amount of $4,469,333.33; and in Opposition to the motion (ECF #46) of the Note Buyer seeking approval of the disclosure statement (ECF #41) (the "Disclosure Statement") filed by the Note Buyer, represents and shows this Court as follows:

  1. In response to the Debtor's Motion to disallow default interest to the Note Buyer (ECF #49) (the "Default Interest Objection"), the Note Buyer has moved to compel mediation of the disputes over the amount of the claim (ECF #54). As part of this motion, the Note Buyer also seeks to include two personal injury claimants, Orlaine Edwards and Gloria Malcolm, in the mediation so that the parties can attempt to reach a global resolution of the major claims in this case.

  2. The Debtor consents to the proposed mediation and believes that the issues are all potentially resolvable on a negotiated basis.

1

3. At least one creditor, Orlaine Edwards, has moved to be excused from contributing to the cost of the mediation by reason of lack of funds. The Debtor does not object to splitting all mediation fees evenly with the Note Buyer, so that neither individual creditor needs to be liable for any of the mediation fees.

4. The Note Buyer has also moved for approval of the Disclosure Statement filed by the Note Buyer in support of its secured creditor's plan of liquidation (ECF #40) (the "Creditor's Plan"). The Debtor has numerous objections to the Creditor's Plan and the Disclosure Statement, not the least of which is that there is no discussion whatsoever concerning the Note Buyer's present entitlement to default interest in the pre-petition amount of $4,469,333.33, or the Debtor's objection to allowance of any default interest. The Disclosure Statement also fails to analyze the Debtor's rights to seek to refinance the secured debt once the interest claim is resolved, and the impact of those rights on the proposed sale that is at the heart of the Creditor's Plan.

5. However, in light of the proposed mediation, the Debtor respectfully submits that the most practical course at this point is to defer consideration of the Disclosure Statement or the Creditor's Plan until the disputed interest claim is resolved, whether through mediation or after a hearing on the Debtor's Motion.

6. Accordingly, the Debtor seeks an adjournment of the hearing on approval of the Disclosure Statement consistent with the foregoing. The Debtor reserves all other objections

Dated: New York, NY
      October 28, 2019

      Goldberg Weprin Finkel Goldstein LLP
      *Attorneys for the Debtor*
      1501 Broadway, 22nd Floor
      New York, New York 10036
      (212) 221-5700

      By: /s/ Kevin J. Nash, Esq.