UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Chapter 11

1234 Pacific Management LLC,                               Case No.  1:19-40026-nhl

                       Debtor.        Hon. Nancy Hershey Lord
-------------------------------------------------------------X

## STIPULATION AND ORDER

**IT IS HEREBY STIPULATED, CONSENTED AND AGREED**, as of March 18, 2020, by and among: (1) 1234 Pacific Management LLC (the "Debtor"), (2) 1234 Pacific Street Lender LLC (the "Secured Creditor"), (3) Gloria Malcolm ("Malcolm"), and (4) Orlaine Edwards ("Edwards", and together with the Secured Creditor, and Malcolm, collectively, the "Creditor Parties" and together with the Debtor, the "Parties") and their respective counsel, as follows:

## RECITALS

**WHEREAS**, on June 2, 2014, the Debtor, through Mendy Lowy ("Lowy"), as manager of the Debtor, duly executed, acknowledged, and delivered to Signature Bank ("Signature Bank"), a Restated Note (the "Note") in the sum of $4,000,000.00 in connection with a commercial loan (the "Loan").

**WHEREAS**, on June 2, 2014, as further security for the Note, the Debtor duly executed, acknowledged, and delivered to Signature Bank, a First Mortgage, Consolidation, Extension, Modification and Security Agreement (the "Mortgage"), which encumbered the real property commonly known as 1232-1234 Pacific Street, Brooklyn, New York 11218 (Block: 1206, Lot: 28) (the "Property") and was recorded with the Office of the City Register of the City of New York, Kings County (the "City Register") on June 12, 2014 under CRFN: 2014000201863.

1

**WHEREAS**, on June 2, 2014, as further security for the Note, Lowy duly executed, acknowledged, and delivered to Signature Bank, a Guaranty of Recourse Obligations of Borrower (the "Guaranty", together with the Note, Mortgage and all other documents evidencing the Loan, the "Loan Documents") wherein Lowy guaranteed the repayment of all sums due under the Loan.

**WHEREAS**, on April 17, 2012, Edwards filed an action in the New York State Supreme Court, Kings County, styled *Orlaine Edwards v. 1234 Pacific Management, LLC* (Index No. 8077/2012) (the "Edwards Action") and a settlement agreement was reached whereby Debtor was to pay $50,000.00 to Edwards (the "Settlement Payment") pursuant to a Release of all Claims and Stipulation of Discontinuance, both dated January 23, 2017.

**WHEREAS**, on February 6, 2015, Malcolm filed a personal injury action in the New York State Supreme Court, Kings County, styled *Gloria Malcolm v. 1234 Pacific Management, LLC* (Index No. 1484/2015) (the "Malcolm Action"). In the Malcolm Action, on or about January 17, 2018, a judgment in favor of Gloria Malcolm was entered in the New York State Supreme Court, Kings County against the Debtor for $830,015.00 (the "Malcolm Judgment", and together with the Edwards Judgment, collectively, the "Judgments").

**WHEREAS**, on March 6, 2017, a Judgment in favor of Orlaine Edwards was entered in the New York State Supreme Court, Kings County, against Debtor for $50,000.00 under Control Number 003599191-01 (the "Edwards Judgment").

**WHEREAS**, the Secured Creditor alleges and the Debtor disputes that the Debtor defaulted under the Loan Documents by (i) making material misrepresentations as to who its equity interest holders were at the time of loan origination, in order to induce Signature Bank to

2

provide the Debtor with the Loan and (ii) by permitting the entry of the Judgments (the "Default").

**WHEREAS**, on January 3, 2019 (the "Petition Date"), the Debtor filed a petition (the "Petition") for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") under Case No. 1:19-40026-nhl (the "Bankruptcy Case"), which was executed by Isaac Schwartz, as Managing Member of the Debtor.

**WHEREAS**, on January 15, 2019, the Loan Documents were assigned by Signature Bank to the Secured Creditor pursuant to that certain Assignment of Mortgage (the "Assignment"), which was recorded with the City Register on February 21, 2019 under CRFN: 2019000059240.

**WHEREAS**, on April 15, 2019, the Bankruptcy Court entered an Order (the "Bar Date Order") fixing July 2, 2019 as the last date for filing any and all claims (including governmental claims) in this matter [ECF No. 32].

**WHEREAS**, on June 28, 2019, the Secured Creditor filed its Proof of Claim (Claim No. 7-1) (the "Secured Creditor's Claim) setting forth, *inter alia*, that the alleged total amount due under the Loan as of the filing of the petition as of January 3, 2019 is as follows:

| | |
|---|---|
| Outstanding Principal Balance: | $4,000,000.00 |
| Interest | $4,469,303.33 |
| Less Payments | ($1,337,634.15) |
| Less Escrows | ($11,057.48) |
| **Total Amount of Claim Due as of 1/3/19[1]:** | **$7,120,641.70** |

---

[1] Interest allegedly continues to accrue on the unpaid principal balance of the Loan from January 4, 2019, with interest in the aggregate per diem amount of $2,6667.67, plus other fees & costs, including without limitation, attorneys' fees in accordance with the Loan Documents.

**WHEREAS,** as scheduled in the Debtor's Petition, the following general unsecured claims amount to a total of $88,613.80 as follows:

| Creditor | Claim Amount |
|---|---|
| Millennium Elevator | $75,869.54 |
| Pacific Management Inc | $8,178.74 |
| Corner Hardware | $2,021.81 |
| Kings County Exterminators | $1,139.79 |
| SDL Appliance Repair Service | $626.03 |
| AAA Appliances | $348.40 |
| Lead Investigation | $300.00 |
| Metro Elevator Inspection Services LLC | $295.00 |
| Advanced Reglazing | $234.08 |
| Linda Strauss Esq | $220.00 |
| Gleaned Law Firm LLP | $195.00 |
| M&M Glass | $174.20 |
| NYC Fire Department | $90.00 |
| Consolidated Edison (Claim 1-1) | $197.41 |
| Capital One Bank (USA), N.A. (claim 4-1) | $200.50. |

**WHEREAS,** as shown on the Claims Register, other than the Secured Creditor, no creditors have filed proofs of claim in this matter other than:

a) Consolidated Edison ($194.41 – general unsecured);
b) The Internal Revenue Service ($6,702.04 – general unsecured);
c) Gloria Malcolm ($852,118.41 – secured);
d) Capital One Bank (USA), N.A. by American InfoSource  ($200.50 – general unsecured);
e) New York State Department of Finance ($21,566.54 – priority);
f) NYC Water Board ($38,182.71 - secured); and
g) Orlaine Edwards has also filed a Proof of Claim ($34,271.44 – secured).[2]

**WHEREAS**, on July 8, 2019, the Secured Creditor filed its Plan (the "Secured Creditor's Plan") and Disclosure Statement (the "Secured Creditor's Disclosure Statement") which seeks to auction the Property pursuant to 11 U.S.C. § 363 and pay all Allowed Claims (as defined in the Plan and Disclosure Statement) in full [ECF Nos. 40 & 41].

---

[2] Orlaine Edwards's Claim is incorrectly filed on the docket instead of the Claims Register.

**WHEREAS**, on August 6, 2019, the Secured Creditor filed a motion to approve its Disclosure Statement (the "Disclosure Statement Approval Motion") [ECF No. 46].

**WHEREAS**, on September 9, 2019, the Debtor filed a Motion (the "Claim Objection") for entry of an order to disallow the default interest claimed by the Secured Creditor [ECF No. 49].

**WHEREAS**, on October 4, 2019, the Secured Creditor filed a motion referring the parties to mediation [ECF Nos. 54 & 55].

**WHEREAS**, on October 29, 2019, the Secured Creditor filed its opposition to the Claim Objection [ECF No. 60].

**WHEREAS**, on November 11, 2019, the Bankruptcy Court issued an order, *inter alia*, referring the Parties to mediation and appointing Bruce Weiner, Esq. as Mediator (the "Mediator").

**WHEREAS**, on January 24, 2020, the Parties attended a mediation session.

**WHEREAS**, on January 28, 2020, the Parties appeared before the Bankruptcy Court and advised of a potential resolution of the Bankruptcy Case.

**WHEREAS**, the Parties, through their respective counsel, have negotiated and entered into this Stipulation (the "Stipulation") following mediation, which, among other things, provides that (i) all Parties agree to a consensual mechanism and time period for the Debtor to confirm and fund an intended plan of reorganization (the "Plan"), failing which the Secured Creditor shall immediately become the Plan funder and obtain title to the Property based upon its own funding of the Plan consistent with this Stipulation.

**WHEREAS**, the Parties believe that it is in the best interests of all parties-in-interest in this case that such an arrangement for a settlement be effectuated and approved by the Court or an initial step in the process.

**NOW, THEREFORE**, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Parties as follows:

1.       Recitals. The Parties acknowledge that the above referenced recitals and are true and correct and are incorporated by reference herein.

2.       Authority. Each of the Parties to this Stipulation represent that they have the sole right and authority to execute this Stipulation and act in accordance with its terms, subject to Bankruptcy Court approval.

3.       Timing of Plan and Disclosure Statement.  Within ten (10) business days after the entry of an order approving this Stipulation, the Debtor shall file a combined Plan and Disclosure Statement (the "Disclosure Statement") consistent with this Stipulation with a hearing for the approval of the Disclosure Statement and Plan to be held on or before April 30, 2020 (subject to the Court's calendar).

4.       Allowed Settled Claims of the Creditors Parties and Payment Thereof. The Debtor hereby agrees to pay the claims of the Creditor Parties or settled (the "Allowed Settled Claims"), which shall be deemed allowed under any Plan the Debtor shall file in accordance with, and pursuant to, the below settlement schedule without further offset or defense and there is no basis on which to avoid, disallow, reclassify or expunge all or any portion of the Allowed Settled Claims or liens securing the Allowed Settled Claims.  In addition, on or before May 31, 2020 (the "Debtor's Funding Deadline"), the Debtor shall consummate the Plan by transferring the Property to an entity to be formed simultaneous with the Effective Date of the Plan to facilitate a

simultaneous refinancing of the Property to generate cash in the sum of at least $5,408,333.33

(the "Claims Distribution Payment") plus administrative expenses for distribution to the Creditor

Parties as follows:

    a) Secured Creditor shall receive payment on account of its allowed claim in the sum of $4,891,666.67 (the "Secured Creditor Settlement")
    b) Malcolm shall receive $441,666.67 (the "Malcolm Settlement")
    c) Edwards shall receive $29,272.00 (the "Edwards Settlement")
    d) All other Creditors shall receive and share $25,000 *pro rata* after objections

5.       Extended Funding Deadline. Provided that the Debtor pays to the Secured

Creditor, by wire transfer, on a date that is at least three (3) business days before the Debtor's

Funding Deadline, a cash payment in the sum of $200,000.00 (the "Extension Payment"), the

Debtor shall be provided with an additional thirty (30) days to pay to the Secured Creditor the

Secured Creditor Settlement (the "Extended Funding Deadline"). The Extension Payment shall

be applied as a credit to the Secured Creditor's Allowed Settled Claim pursuant to the terms of

this Settlement (i.e., credit against payment of $4,891,666.67). In addition, provided the

Extension Payment is made, interest at 4.5% per annum shall begin to accrue in connection with

the sums due and owing on account of the Malcolm Settlement and the Edwards Settlement as of

the Extension Payment.

6.       Remedies. In the event that the Debtor fails to timely perform as contemplated

herein by or before the expiration of the Debtor's Funding Deadline and/or the Extended

Funding Deadline (except for scheduling issues involving the Bankruptcy Court), if applicable,

the Secured Creditor shall automatically become the Plan Funder under the Plan in consideration

for transfer of the Property from the Debtor to the Secured Creditor's designee, free and clear of

all interests, liens, claims, and encumbrances as shall be provided in the Plan to be filed by the

Debtor.  In the event that the Property is conveyed to the Secured Creditor, the Secured Creditor

shall fund payments to all creditors holding Allowed Claims under Section 4 of this Stipulation, in addition to funding professional fees of the Debtor's counsel, which shall be capped, on consent from the Debtor's counsel at $50,000.00 plus expenses and all U.S. Trustee fees.

7.    Releases. Upon then entry of an order confirming the Debtor's Plan, the Parties shall execute and exchange mutual releases, releasing all claims against each other except for the obligations under this Stipulation or the Plan.

8.    Adequate Protection Payments. Between the date hereof, and the Debtor's Funding Deadline and/or the Extended Funding Deadline, if applicable, the Debtor shall continue to pay to the Secured Creditor, monthly adequate protection payments on or before the tenth day of each month after the date this Stipulation is *So Ordered* in the sum of $25,318.81 (each an "AP Payment" and collectively, the "AP Payments") through and including the month that the Plan is substantially consummated (pro rata).  In the event that the Debtor fails to provide the Secured Creditor with any AP Payment, the Secured Creditor's Settlement amount and/or allowed, secured claim shall be increased by an amount equal to such AP Payment. Notwithstanding the forgoing, from the Debtor's first AP Payment to be paid to the Secured Creditor after approval of this Settlement (i.e., April), the Debtor's counsel shall hold the sum of $25,000.00 (the "GUC Payment") in escrow with which to pay the *pro rata* distribution to general unsecured creditors as set forth in 4(e) hereinabove on the effective date as defined in the Plan (or as soon as practicable thereafter).  If the Debtor fails to timely perform under the Plan, then Debtor's counsel shall pay the GUC Payment to the Secured Creditor for the Secured Creditor's funding of the Plan.  The AP Payments include ongoing real estate tax escrows, which shall be remitted by the Secured Creditor to the City taxing authority, to cover post-petition real estate tax obligations, as historically done.  The Debtor and Secured Creditor shall reconcile the

8

payment of real estate taxes for the post-petition periods at closing, and the Debtor shall pay any shortfall after the tax escrows are applied.

9.      Disclosure Statement Approval Motion and Claim Objection.  The Parties agree that on the date an order is entered confirming the Plan, the Disclosure Statement Approval Motion and Claim Objection shall automatically be deemed withdrawn, *with prejudice* by the Secured Creditor and the Debtor, respectively whereupon the Plan shall either be funded by the Debtor or the Secured Creditor.

10.      Non-Waiver as to the Secured Creditor and Reservation of Rights.  The Parties acknowledge that the Secured Creditor Settlement reflects an amount that is less than the amount allegedly due the Secured Creditor pursuant to the terms of the Loan Documents. Notwithstanding its agreement to accept the Secured Creditor's Settlement, the Secured Creditor reserves all rights and remedies to which it is entitled with respect to the Default and the Loan Documents.  In the event that the Debtor fails to comply with this Settlement after the ten day notice and opportunity to Cure, the Secured Creditor may seek to enforce all rights and remedies available to it at law and in equity, provided however that once the Stipulation is approved the Secured Creditor shall be bound to fund the Plan in the event the Debtor fails to do so.

11.      Novation. The Parties agree that a novation is expressly denied and not intended to be effected, and except as amended or modified by this Stipulation, the terms, provisions, conditions, rights, duties and obligations contained in the Loan Documents shall remain unchanged and unimpaired by this Stipulation and are in full force and effect.

12.      No Reinstatement or De-Acceleration.  It is expressly understood that other than as set forth herein, the Secured Creditor's execution of this Stipulation and acceptance of payments in accordance herewith shall by no means be considered or construed a reinstatement

or de-acceleration of the Note, an extension of the Loan, or a waiver of the Secured Creditor's

rights or remedies at law, in equity or under the Loan Documents subject to the Secured

Creditor's funding requirements under the Settlement and Plan.

13.     Non-Waiver as to Malcolm and Edwards. The Parties acknowledge that: (i) the

Malcolm Settlement  is not the actual total claimed amount due under the Malcolm Judgment but

reflects a reduced amount that is less than the amount claimed under the Malcolm Judgment and

(ii) the Edwards Settlement is not the actual claimed total amount due under the Edwards

Judgment but reflects a reduced amount that is less than the amount claimed under the Edwards

Judgment.

14.     Notice.  All notices or written communications which are required to be given

under this Stipulation shall be given by electronic mail and by overnight mail, via a recognized

overnight carrier, addressed as follows, or addressed as such party may from time to time so

designate by written notice to the other party:

If to the Debtor:
Goldberg Weprin Finkel Goldstein LLP
Attn: Kevin J. Nash, Esq.
1501 Broadway, 22nd Floor
New York, NY 10036
knash@gwfglaw.com

If to the Secured Creditor:
Kriss & Feuerstein LLP
Attn: Jerold C. Feuerstein, Esq.
        Stuart L. Kossar, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
jfeuerstein@kandfllp.com
skossar@kandfllp.com

If to Edwards:
Johnson Liebman LLP
Attn: Robert E. Johnson, Esq.
305 Broadway, Suite 801
New York, NY 10007
robert.johnson@johnsonliebman.com

If to Malcolm:
Pryor & Mandelup, L.L.P.
Attn: Robert L. Pryor, Esq.
675 Old Country Road
Westbury, NY 11590
rlp@pryormandelup.com

Law Offices of Bernard D'Orazio & Associates, P.C.
Attn: Bernard D'Orazio, Esq.
The Legal Studio@ 238 West 139th Street
New York, NY 10030
bordazio@dorazio-law.com

15.    <u>Effect of Headings</u>. The headings contained in this Stipulation are for convenience purposes only and shall not be used in construing the intent of the Parties under this Stipulation.

16.    <u>Illegality or Unenforceability</u>.    Any determination that any provision or application of this Stipulation is invalid, illegal, or unenforceable in any respect, or in any instance, shall not affect the validity, legality, or enforceability of any such provision, or the validity, legality, or enforceability of any other provision of this Stipulation.

17.    <u>Stipulation Construed as Jointly Drafted</u>. This Stipulation shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against the Parties.

18.    <u>Jurisdiction.</u>    The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Stipulation.

19.    <u>Entire Agreement</u>. This Stipulation and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Parties, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit, modify, or otherwise affect the provisions hereof.

20.    <u>Successors and Assigns.</u> This Stipulation shall be binding upon the Parties, and their respective employees, representatives, successors and assigns, and shall inure to the benefit of the Parties.

21.    <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, all of which shall be deemed to be a single original.

22.    <u>Modification of Stipulation</u>. This Stipulation cannot be modified unless signed in writing by all Parties.

23.    <u>Coronavirus/Force Majeure</u>.    Notwithstanding the foregoing, the dates and deadlines herein are subject to reasonable adjustment in the event that the current pandemic impacts Bankruptcy Court scheduling or delays the Debtor's ability to obtain an anticipated refinancing, with the Bankruptcy Court to determine all issues relating to the reasonableness of a delay, or no later than August 31, 2020.

**IN WITNESS WHEREOF,** the parties have executed this Stipulation as of the date first above written.

Dated: New York, New York             Dated: New York, New York
    April 2, 2020                       April 2, 2020

GOLDBERG WEPRIN FINKEL             KRISS & FEUERSTEIN LLP
GOLDSTEIN LLP

/s/ Kevin J. Nash, Esq.                /s/ Jerold C. Feuerstein, Esq.
1501 Broadway, 22nd Floor              Stuart L. Kossar, Esq.
New York, NY 10036                     360 Lexington Avenue, Suite 1200
(212) 221-5700                         New York, NY 10017
knash@gwfglaw.com                      212-661-2900
                                       jfeuerstein@kandfllp.com
                                       skossar@kandfllp.com
*Counsel for the Debtor*                *Counsel for 1234 Pacific Street Lender LLC*

Dated: Westbury, New York       Dated: New York, New York
      March __, 2020              March __, 2020

PRYOR & MANDELUP, L.L.P.       JOHNSON LIEBMAN, LLP
/s/ Robert L. Pryor, Esq.          /s/ Robert E. Johnson, Esq.
675 Old Country Road          305 Broadway, Suite 801
Westbury, NY 11590           New York, NY 10007
rlp@pryormandelup.com         robert.johnson@johnsonliebman.com
*Co-counsel for Gloria Malcolm*       *Counsel for Orlaine Edwards*

Bernard D'Orazio, Esq.
Law Offices of Bernard D'Orazio &
Associates, P.C.
The Legal Studio@
238 West 139th Street
New York, NY 10030
bordazio@dorazio-law.com

SO-ORDERED: