UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                           Chapter 11

1234 Pacific Management LLC,                                    Case No. 119-40026-nhl

                                                    Debtor.            Hon. Nancy Hershey Lord
-------------------------------------------------------------x

## DEBTOR'S SUPPLEMENTAL AND CLARIFYING AMENDMENTS TO CHAPTER 11 PLAN OF REORGANIZATION

1234 Pacific Management LLC, the Debtor herein, in consultation with the Office of the United States Trustee, hereby submits the following supplemental and clarifying amendments to the Chapter 11 Plan of Reorganization (ECF #83) (the "Plan") in advance of the confirmation hearing scheduled for July 28, 2020 at 11:00 a.m., and states as follows:

**WHEREAS**, since the filing of the Plan and preliminary approval of the Disclosure Statement, it has been determined in consultation with the Office of the United States Trustee that certain amendments should be made to the Plan to clarify and supplement the provisions; and

**WHEREAS**, none of the amendments alter the substantive rights of or proposed distributions to any creditors;

Accordingly, the Plan is hereby supplemented by the following clarifying amendments:

1. Sec. 2.2(c) of the Plan is hereby deleted, as U.S. Trustee quarterly fees and charges payable to the Clerk of the Court are not administrative expenses, but are rather statutory fees.

2. Sec. 4.3 of the Plan is amended to provide that payment shall be made to the Class 3 creditor on or before August 31, 2020 from the Refinancing under Scenario No. 1.

3. Sec. 4.4 of the Plan is amended to provide that payment shall be made to the Class 4 creditor on or before August 31, 2020 from the Refinancing under Scenario No. 1.

4. Sec. 4.6 of the Plan is amended to clarify that, under Scenario No. 1, the management of the Debtor following confirmation will continue unchanged under Mendy Lowy and Isaac Schwartz at their current income.

5. Sec. 5.6 of the Plan is amended to require that any reserve for disputed claims will be held by the Disbursing Agent in an attorney escrow (IOLA) account.

6. Sec. 8.6 of the Plan is amended to provide that outstanding quarterly fees (and any applicable interest thereon) will be paid until the case is closed by means of a final decree, dismissed, or converted, whichever happens sooner.

7. A new Sec. 8.7 is added as follows: "Within 14 days after the entry of an order confirming the Chapter 11 plan, the Debtor shall file on presentment, in accordance with Local Bankruptcy Rule 2002-1, a proposed order that shall contain a timetable with the steps proposed for achieving substantial consummation of the plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated."

8. A new Sec. 8.8 is added as follows: "Within 14 days following the full administration of the estate, but not later than 18 months following the entry of the order confirming a plan, the Debtor, or the First Mortgagee, as applicable, shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022."

9. A new Sec. 8.9 is added as follows: The Debtor, or the First Mortgagee, as applicable, shall file quarterly post-confirmation status and disbursement reports (within 20 days after the conclusion of the relevant reporting quarter) until the case is closed by means of a final decree, dismissed, or converted, whichever happens sooner.

Dated: New York, NY
        July 21, 2020

        Goldberg Weprin Finkel Goldstein, LLP
        Attorneys for the Debtor
        1501 Broadway, 22nd Floor
        New York, NY 10036

        By:   <u>/s/ J. Ted Donovan, Esq.</u>