UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11

1234 Pacific Management LLC,                        Case No. 19-40026-nhl

                                            Debtor.              Hon. Nancy Hershey Lord
------------------------------------------------------------x

## CREDITOR GLORIA MALCOLM'S
## RESPONSE TO BALLOT TABULATION AND SUPPLEMENT TO PLAN

Gloria Malcolm ("Malcolm") a secured creditor of the Debtor, by her attorneys, Pryor & Mandelup, LLP, hereby submits this response to Debtor's Ballot Computation and Supplement to Plan, and respectfully represents as follows:

1.      On January 3, 2020, the Debtor filed a petition for relief from its creditors pursuant to Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code")

2.      Malcolm is a secured creditor of the Debtor having obtained and docketed a judgment against the Debtor prior to the commencement of this case.

3.      The Debtor and Malcolm came to an agreement with respect to Malcolm's treatment under the Plan. Malcolm is being treated as a Class 3 secured creditor which shall receive payment in the sum of $441,666.67 (plus any accrued interest at 4.5% per annum from May 31, 2020) from either the refinancing of the Property under Scenario No. 1or from the First Mortgagee under Scenario No. 2 as set forth in the Plan.

4.      Unfortunately, the Plan is silent as to when the payment must be made to Malcolm under either Scenario No. 1 or Scenario No. 2. As a result, on July 17, 2020, Malcolm filed a limited objection to confirmation. At the time the Objection was filed, it was believed that the Debtor would be filing a supplement to the Plan to include deadlines for payment which are the same deadlines used in the treatment of the Class 2 Claim of the First Mortgagee.

-2-

5.  The Objection also noted that Malcolm submitted to Debtor's counsel a Ballot voting in favor of the Plan which is to be held in escrow pending an amendment to the Plan which provides the following treatment of Malcolm's Claim:

> 4.3 **Class 3 – Secured Claim of Gloria Malcolm**. Class 3 consists of the claim of Gloria Malcolm, who held a judgment lien in the amount of $852,118.41. Treatment: Malcolm shall receive payment in the sum of $441,666.67 (plus any accrued interest at 4.5% per annum from May 31, 2020) from either the Refinancing under Scenario No. 1 **on or before August 31, 2020** or from the First Mortgagee under Scenario No. 2 **on or before September 10, 2020** in full settlement, release, and discharge of her claim and lien which has been reduced to a judgment against the Debtor. Simultaneously with the receipt of the payment, the Class 3 Creditor shall deliver a fully executed satisfaction of judgment and release to either the Debtor under Scenario No. 1 or the First Mortgagee under Scenario No. 2 of the Settlement. Voting: Malcolm is impaired and is deemed an accepting Class pursuant to the Settlement.

6.  Based on the Plan supplement filed by the Debtor, the Debtor did not amend the treatment of the Class 3 claim as set forth above. Specifically, the Plan remains silent as to when the payment would be made under Scenario No. 2 of the Plan.

7.  Malcolm objects to the proposed amended Plan treatment as the open-ended deadline for payment under Scenario No.2 makes the Plan not feasible since payment could be delayed indefinitely with no guaranty the payment would ever occur and without evidence that such payment could be made. *See, In re Lewis Indus.,* 75 B.R. 862, 871 (Bankr. D. Mont. 1987) (plan which did not provide a definite repayment schedule improper). *See also Crestar Bank v. Walker (In re Walker),* 165 B.R. 994, 1004 (E.D. Va. 1994)("The authorities teach that it is important for a plan of reorganization to make reasonably specific provisions for an adequate means of implementation because speculative, **indefinite** plans will necessitate objections by the creditors who have no reasonable means by which to assess whether a plan can achieve the results

contemplated by the Code, and because the courts will have no objective criteria by which to make confirmation judgments.")(emphasis added).

8. Since the Plan as currently amended does not include a definite period by which Class 3 is to be paid, the Plan is not feasible and Debtor cannot establish such a plan is in the best interest of creditors. Nor does the plan provide an adequate means for the Plan's implementation. *See* 11 U.S.C. §1123(a)(5).

9. It should also be noted that in the Overview section of the Plan, the Debtor outlines the two scenarios by which creditors will be paid. As explained in the Plan Overview, under Scenario No.1 the creditors of the Debtor will be paid from the proceeds of the refinancing of the Property. If such refinancing under Scenario No.1 does not take place, then under Scenario No.2, the First Mortgagee becomes the "plan funder" and title to the Property may be transferred to it. With respect to the difference between Scenario No.1 and Scenario No.2 the Plan specifically states:

> Under both funding scenarios general creditors shall receive a pro rata distribution from a pool of $25,000, while all administrative and real estate tax claims are also paid in full, except that in the event the Debtor is unsuccessful in obtaining the Refinancing and the Plan toggles to the First Mortgagee, the Debtor's counsel has agreed to cap its request for compensation at $50,000 plus expenses. **In all other respects, however, the First Mortgagee's funding obligations mirror those of the Debtor.**

*See* Plan, P.3 (emphasis added).

10. Therefore, since under Scenario No. 1 the Debtor is required to pay off all claims immediately upon refinancing, then under Scenario No. 2 the First Mortgagee is required to pay off all claims upon the failure of the Debtor to refinance. Only then, can the First Mortgagee take the property free and clear of all claims, liens and encumbrances. Without such payment, the First

Mortgagee can neither take the Property free and clear of the secured creditors claim, nor can the First Mortgagee be considered a "good faith purchaser for value" under 11 U.S.C. §363(m).

11. Based on the foregoing, Malcom continues to object to confirmation. Additionally, Malcolm's ballot should not be considered in the ballot tabulation as a vote in favor of the Plan as the amendments to the Plan requested by Malcolm have not been made and therefore Malcolm rejects the Plan.

**WHEREFORE**, Malcolm respectfully requests that the Court enter an order (i) denying confirmation of the Debtor's Plan to the extent it does not include the amendment to Malcolm's Claim as set forth above; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Westbury, New York
       July 22, 2020

                                        PRYOR & MANDELUP, LLP
                                        Attorneys for Debtor

By: */s/  Anthony F. Giuliano*
      Anthony F. Giuliano
      675 Old Country Road
      Westbury, NY 11590
      (631-617-7770)