UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 11

1234 Pacific Management LLC,                              Case No. 1:19-40026-NHL

                                    Debtor.
-------------------------------------------------------------x

## ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION AS SUPPLEMENTED AND FINALLY APPROVING THE DISCLOSURE STATEMENT[1]

This Court having considered: (i) the Chapter 11 Plan filed by the Debtor, 1234 Pacific Management LLC (the "**Debtor**") (ECF #83) (as supplemented by the Plan Supplements (the "**Plan Supplements**") (ECFs #92 and 101), (collectively, with the Plan Supplements, the "**Plan**"); (ii) the Disclosure Statement filed by the Debtor (ECF #84) (the "**Disclosure Statement**"); (iii) the Order (A) Conditionally Approving the Debtor's Disclosure Statement and (B) Scheduling a Combined Hearing to Consider Final Approval of the Debtor's Disclosure Statement and Confirmation of the Plan (ECF #88) (the "**Scheduling Order**"); (iv) the Certificate of Ballots filed by J. Ted Donovan (ECF #93) (the "**Certification of Ballots**"); and (v) the supporting Declaration of Mendy Lowy on behalf of the Debtor, dated July 24, 2020 (ECF #103) (the "**Lowy Declaration**") in support of confirmation of the Plan; and the Court having found that the Plan and Disclosure Statement having been transmitted to all parties and due and proper notice has been given with respect to the confirmation hearing conducted on July 28, 2020 (the "**Confirmation Hearing**") pursuant 11 U.S.C. § 1128 *at which appeared Kevin Nash (Counsel to Debtor), Rachel Wolf (US Trustee), Jerold Feuerstein (Counsel to 1234 Pacific Lender LLC), Robert Pryor (Counsel to Gloria Malcolm), Stuart L. Kossar (Counsel to 1234 Pacific Street*

---

[1] Capitalized terms used but not defined herein have the meanings given them in the Plan and Plan Supplements. This order is referred to herein as the Confirmation Order.

***Lender, LLC), and Robert Johnson (Counsel to Orlaine Edwards) (NHL)***; and the Court having accepted the proffer made during the Confirmation Hearing and based upon the record compiled thereof at which time, *inter alia*, the Limited Objections to the Plan filed by of Gloria Malcolm (ECF # 90) and Orlaine Edwards (ECF # 98) were withdrawn on the record by their counsel and having consented to the Plan based upon the representation that if the Debtor does not complete its intended Refinance by September 9, 2020 (the "Revised Effective Date"), and the First Mortgagee becomes the Plan Funder, then in such event the obligations to fund the claims of Gloria Malcolm and Orlaine Edwards as settled pursuant to the Plan shall be paid by the First Mortgagee at the conveyance of fee title of the real property commonly known as and located at 1232-1234 Pacific Street, Brooklyn, NY 11216 (Block 1206, Lot 28) (the "**Property**") to occur no later than thirty (30) days after the Revised Effective Date, or October 9, 2020 (the "Closing") along with the other Plan Distributions as set forth in the Order Approving Stipulation of Settlement entered on May 1, 2020 [ECF # 82] (the "**Stipulation"**); ***and upon the letter filed by counsel to Gloria Malcolm renewing her objection to Confirmation [ECF #105], which was subsequently withdrawn [ECF #106]***; and after due deliberation thereon, and good and sufficient cause appearing therefor.

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED as follows:**

    A.    <u>Findings of Fact and Conclusions of Law.</u>  The Findings and Conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

        i.    The First Mortgagee is a holder in due course of that certain *First Mortgage, Consolidation, Extension, Modification and Security Agreement* (the "<u>Mortgage</u>"), which was duly executed and delivered

on June 2, 2014, in favor of Signature Bank ("Signature"), which Mortgage encumbers the Property.

ii. The Mortgage was given to secure that certain Restated Note (the "Note") evidencing a loan (the "Loan"), executed by the Debtor in favor of Signature, dated June 2, 2014, in the principal amount of $4,000,000.00.

iii. The Debtor consists of a New York limited liability corporation, and the Property generates substantially all of the Debtor's income and on which Property, no substantial business is being conducted by the Debtor, other than the business of operating the Property and activities incidental thereto.

iv. On or about January 15, 2019, the Note, Mortgage and all other documents evidencing the subject Loan were assigned by Signature, to the First Mortgagee pursuant to that certain *Assignment of Mortgage* (the "Assignment"), which was recorded in the Register's Office on February 21, 2019 under CRFN: 2019000059240.  Accordingly, the First Mortgagee succeeded Signature as the owner and holder of the Note, Mortgage and all other documents evidencing the Loan.

v. The lien created by the Note and Mortgage is a valid first priority lien which encumbers the Property.

vi. On January 3, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  As of the

       Petition Date, the Property has remained in the custody, possession and control of the Debtor.

vii. On November 11, 2019, this Court entered that certain *Stipulation and Mediation Order* [ECF No. 73], which resulted in this Court's entry of that certain *Order Approving Stipulation of Settlement* [ECF No. 82], which provided, *inter alia*, the settlement contained therein was effective immediately, subject only to those certain consensual extensions of time for the Debtor's performance as contained in that certain (i) Chapter 11 Plan of Reorganization filed by the Debtor on June 3, 2020 [ECF No. 83], which was thereafter supplemented by the Debtor by way of that (ii) Plan Supplement filed on the Court's docket on July 22, 2020 [ECF No. 96], and (iii) that certain Second Plan Supplement in Place of #100 filed on July 24, 2020 [ECF No. 101], all of which the Debtor has filed proper proof of service upon its creditors, interest holders, and any other parties in interest who are entitled to notice.

viii. On June 22, 2020, this Court entered that certain Order [ECF No. 88], which, *inter alia*, conditionally approved the Debtor's Disclosure Statement and set a hearing on final approval of the Debtor's Disclosure Statement and for Confirmation of the Debtor's Plan on July 28, 2020.

ix. On July 28, 2020, all interested parties appeared, all objections to confirmation of the Plan were withdrawn on consent, the Plan was

>                       confirmed, and the Court directed that an order confirming the Plan be
>                       submitted.

          B.     <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

          C.     <u>Solicitation and Notice.</u>  As evidenced by the affidavit of service and Certification of Ballots, the solicitation packages were transmitted and served in accordance with the terms of the Scheduling Order.

          D.     <u>Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code.</u>  The Debtor has solicited acceptances of the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

          E.     <u>Voting.</u>  As evidenced by the Certification of Ballots, the Plan was accepted by at least three Impaired Classes of Creditors.

**COMPLIANCE WITH THE REQUIREMENTS**
**OF SECTION 1129 OF THE BANKRUPTCY CODE**

          F.     The record of the Confirmation Hearing supports the Findings of Fact and Conclusions of Law set forth in the following paragraphs.

> 1.    <u>Section 1129(a)(1) of the Bankruptcy Code.</u>  The Plan complies with the applicable provision of the Bankruptcy Code including 11 U.S.C. §§363, 364, 1123, 1129 and 1146(a).
>
> 2.    <u>Section 1129(a)(2) of the Bankruptcy Code.</u>  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

3. <u>Section 1129(a)(3) of the Bankruptcy Code.</u>  The Plan has been proposed in good faith, and is the result of arm's length negotiations between the Debtor, the First Mortgagee and the Judgment Creditors.

4. <u>Section 1129(a)(4) of the Bankruptcy Code.</u>  All payments to be made for professional fees and expenses remain subject to approval by the Bankruptcy Court as being reasonable.

5. <u>Section 1129(a)(5) of the Bankruptcy Code.</u>  Disclosures have been made that the Debtor's principals shall continue as the members of Pacific 1234 Management LLC as the "New Pacific Entity" and Reorganized Debtor herein.

6. <u>Section 1129(a)(6) of the Bankruptcy Code.</u>  Section 1129(a)(6) of the Bankruptcy Code is not applicable.  The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

7. <u>Section 1129(a)(7) of the Bankruptcy Code.</u>  The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code in that it was the general agreement among the parties that the Debtor's Property has a current value of approximately $6.0 million.  This is lower than the claims of the First Mortgagee and Judgment Creditors which potentially exceed $8.0 million.  Thus, absent confirmation of the Plan, there would be no funds to pay unsecured creditors.

8. <u>Section 1129(a)(8) of the Bankruptcy Code.</u>  The requirements of Section 1129(a)(8) of the Bankruptcy Code are satisfied in that three impaired classes of claims (Class 2, Class 3 and Class 4) have voted to accept the Plan.  None of the holders of Class 5 General Unsecured Claims submitted ballots.  Nonetheless, the Plan is being confirmed under 11 U.S.C. §1129(a) and (b).

9. <u>Section 1129(a)(9) of the Bankruptcy Code.</u>  The Plan provides for the proper treatment of Administrative Claims.

10. <u>Section 1129(a)(10) of the Bankruptcy Code.</u>  Section 1129(a)(10) of the Bankruptcy Code has been satisfied because Classes 2 and 4 are impaired and have voted to accept the Plan.

11. <u>Section 1129(a)(11) of the Bankruptcy Code.</u>  The Plan provides for exit refinancing with Axos Bank in the principal sum of $5.0 million (the "**Refinancing**") based upon the simultaneous transfer of the Debtor's Property to the New Pacific Entity.  Because of the Axos Loan, and the $500,000 new value capital contribution made by the Debtor's members, confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

12. <u>Section 1129(a)(12) of the Bankruptcy Code.</u>  All fees due and payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date.

13. <u>Section 1129(a)(13) (14), (15) and (16) of the Bankruptcy Code.</u> Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtor's Chapter 11 Case.

14. <u>Satisfaction of Confirmation Requirements.</u>  Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies all of the requirements for confirmation set forth in Section 1129(a) of the Bankruptcy Code.

15. <u>Section 1129(b) of the Bankruptcy Code.</u>  Under Section 1129(b) of the Bankruptcy Code, the Debtor requested that the Court confirm the Plan notwithstanding that the Plan was not actually accepted by Class 5 unsecured creditors who did not vote.  The Plan complies with Section 1129(b) since it is also supported by a New Value Contribution and is fair and equitable with respect to Class 5 creditors and supported by a New Value Contribution.

**Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

**A.     Approval of Disclosure Statement**

1. The Disclosure Statement dated June 3, 2020 (ECF #84), be and it, is hereby finally approved pursuant to Section 1125 of the Bankruptcy Code, as supplemented on the record during the Confirmation Hearing and further memorialized herein to provide that in the event the Debtor does not close on the Refinancing by the Revised Effective Date, the  First Mortgagee shall become the Plan Funder, and the claims of Gloria Malcolm and Orlaine Edwards as settled pursuant to the Plan shall be paid by the First Mortgagee at the Closing of the Property, which closing shall occur no later than thirty (30) days after the Revised Effective Date, along with other Plan Distributions (which shall not be modified upon the closing) (hereinafter the "**Toggle Closing Clarification**").

**B.     Confirmation of Plan**

2.     The Plan as supplemented by the Toggle Closing Clarification referenced in paragraph 1 above, is CONFIRMED pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code. To the extent there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

**3.**     The Refinancing with Axos Bank and simultaneous transfer of the Property to the New Pacific Entity (Pacific 1234 Management LLC) as provided for under the Second Plan Supplement (ECF #101) are both authorized by this Confirmation Order.

**C.     Plan Implementation**

4.     The Plan is being implemented either (i) through the Refinancing with Axos Bank along with the New Value Contribution of $500,000 and the simultaneous transfer and conveyance of the Property to the New Pacific Entity; or (ii) upon the Debtor's failure to timely remit payment to the First Mortgagee in the sum of $4,891,666.67, as contemplated by the Refinancing on or prior to the Revised Effective Date, then the First Mortgagee, shall automatically become the Plan Funder, the First Mortgagee shall provide funding as contemplated in the Settlement to pay distributions to creditors of the Debtor's estate identified in the Plan upon the closing of the Property and in consideration for the conveyance of the Property to the First Mortgagee (or its designee), free and clear of all liens, claims and encumbrances, provided, however, that notwithstanding anything to the contrary, in the event that the First Mortgage or its designee become the owner of the Property, all liens, claims and encumbrances held by the First Mortgagee against the Debtor and/or the Property, including those claims and liens based on or relating to the Note and/or Mortgage shall continue in full force and effect, and remain unmodified, unaffected and unaltered in any way by the Plan or this Order at the First Mortgagee's sole discretion. The conveyance contemplated herein shall be done pursuant to customary deeds,

transfer and conveyancing documents and transfer tax forms to be supplied by the Debtor and/or any other person or entity affiliated with the Debtor. In the event the Closing option is triggered as described in the Toggle Closing Clarification, the Closing is duly authorized pursuant to this Order and no further order of this Court is necessary.

5.     In the event that the Property is conveyed to the First Mortgagee, the Debtor shall (i) turn over custody, possession and control of the Property to the First Mortgagee's nominee (or its Designee, which can be a third party, at sole discretion of the First Mortgagee), and within fourteen (14) days thereafter, (ii) deliver to counsel for the First Mortgagee, any security deposits in its possession, with copies of all rent lists, rent roles, orders, unexpired and expired leases, agreements, executory contracts, warranties, correspondences, notices, registration statements and assignment of rents relating to any rental space or facilities at the Property to the extent that such documents are in the Debtor's possession.

## D. Sale and Transfer of Property to Either New Pacific Entity or the First Mortgagee's Designee

6.     The Debtor is directed to execute and deliver, and to take all further actions as may be reasonably requested by either the New Pacific Entity, Axos or the First Mortgagee's Designee as applicable, to transfer and assign the Property in accordance with the Plan and this Order free and clear of all claims, liens, taxes and other interests pursuant to 11 U.S.C. Sections 363(b) and (f) and 1123(a)(5)(D) and 1123(b)(5) except that the New Pacific Entity is authorized to enter into the Axos loan Refinancing and execute all related mortgage and loan documents required by Axos which shall survive Confirmation of the Plan.  The New Pacific Entity, Axos and the First Mortgagee's designee, as applicable, are good faith purchasers and/or good faith lenders within the meaning of Sections 363(m) and Section 364(e) of the Bankruptcy Code.

### E. Transfer Tax Exemption

7. Pursuant to Section 1146(a) of the Bankruptcy Code, the Closing and Refinancing as hereinafter defined, contemplated and provided by the Plan shall be exempt from the payment of transfer, stamp, deed, mortgage recording or similar taxes, since the transactions are being done, and constitute a "transfer under and in furtherance of a confirmed plan of reorganization" in bankruptcy. Thus, (i) the transfer of the Property from the Debtor to the New Pacific Entity or if the Plan toggles to the First Mortgagee, the transfer of the Property to the First Mortgagee's designee and (ii) the issuance and making of the Axos mortgage loan to the New Pacific Entity in the principal sum of $5,000,000 (the "Refinancing") shall each be exempt from payment and collection of any transfer, stamp, deed, mortgage recording tax or similar tax, and the appropriate state or local governmental officials shall forego the collection of any such transfer and mortgage recording taxes and shall accept all deeds and mortgage instruments for filing and recordation without the payment of any such transfer and mortgage recording taxes.

8. Each and every federal, state and local governmental agency or department is hereby ordered and directed to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, as executed by the Debtor, the First Mortgagee or their respective agents as necessary to implement and consummate the transactions contemplated by the Plan.

### F. Distribution to Creditors

9. As directed by this Court, the Debtor's New Value Contribution of $500,000 shall be transferred by the Debtor to Goldberg Weprin Finkel Goldstein LLP in escrow as Disbursing Agent (receipt of which is acknowledged) who is otherwise authorized to disburse funds in accordance with the provisions of the Plan, except for the funds to be paid at a closing to the First Mortgagee, Gloria Malcolm, and Orlaine Edwards subject to adjustments for the real

estate taxes and other items as provided by the global settlement approved by order of this Court dated May 1, 2020 (ECF #82).

### G.    Binding Effect

10.    In accordance with § 1141(a) of the Bankruptcy Code, the terms of the Plan shall be immediately effective and enforceable and shall bind all holders of all Claims against or Equity Interests in the Debtor, whether or not such holders of Claims or Equity Interests have accepted this Plan.

### H.    Retention of Jurisdiction

11.    The Bankruptcy Court shall retain post-confirmation jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan as expressly set forth in the Plan.

### I.    Order Effective Immediately

12.    Notwithstanding Bankruptcy Rules 3020(e) and 7062 or otherwise, any stays provided for under Bankruptcy Rules 3020(e) and 6004(h) shall be deemed waived and this Confirmation Order shall be effective immediately and enforceable upon entry hereof.  Thus, the Debtor, the First Mortgagee (or its designee), the New Pacific Entity and Axos are each duly authorized to convene a closing promptly after this Order becomes final.  At the closing, the Debtor, the First Mortgagee (or its designee), the New Pacific Entity and Axos, are each hereby authorized to consummate the Plan and the transactions contemplated thereby without further action by this Court.

13.    To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and provisions contained in this Confirmation Order shall govern.

**J.      Notice of Confirmation of the Plan**

14.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtor is authorized and directed to promptly serve a notice of the entry of this Confirmation Order which shall expressly notice all notice parties of the Revised Effective Date of the Plan.

**K.      Post-Confirmation**

15.     The Debtor shall file post-confirmation status and disbursement reports in the format prescribed by the United States Trustee on the 20th day following the end of the quarter until the entry of an order closing the Chapter11 case, or until entry of an order thereto dismiss or convert the Chapter11 case, and schedule quarterly post-confirmation status conferences. The initial post-confirmation status conference shall be held in this case on September 15, 2020.

16.     The Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier.

17.     Within 14 days after the entry of this Order, the Debtor shall file on presentment in accordance with Local Bankruptcy Rule 2002-1 a proposed order that shall contain a timetable with the steps proposed for achieving substantial consummation of the plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated.

18. Pursuant to EDNY LBR 3022-1, the Debtor shall file a motion for a final decree with the Court (on notice to the U.S. Trustee) within 14 days following the full administration of the Debtor's estate.



Dated: August 25, 2020
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge